IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CODY DOWNEY,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 21-11-H-CCL<br><br><br>ORDER |

On January 8, 2021,[1] state pro se petitioner Cody Downey filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondents to file an answer or any other pleading. The petition must be summarily dismissed, "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.* If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order."

---

[1] Under the mailbox rule, a pro se prisoner's court filing is deemed filed at the time the prisoner delivers it to prison authorities for forwarding to the court clerk. See, *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1

*Id.* For the reasons discussed below, Mr. Downey's petition will be dismissed as unexhausted.

### I.    Background/Downey's Claims

It appears Mr. Downey was sentenced for Sexual Intercourse without Consent in Montana's Fourth Judicial District, Missoula County, Cause No. DC-12-265.[2] He received a sentence of 20 years, with 15 of those years suspended.[3] On July 17, 2018, Mr. Downey's sentence was revoked due to his non-compliance with sex offender programming.[4]

Mr. Downey first claims that he completed sexual offender treatment when he was in prison in 2015 and should not have been subsequently violated for non-compliance.[5] He next claims that he is being discriminated against and unjustly punished because he has not been accepted into any Department of Corrections programs.[6] Mr. Downey explains he has been denied placement in both pre-release centers and sober living houses, even though he has been parole eligible since April of 2019.[7] Mr. Downey acknowledges that he has not presented either of these claims to the state courts and believes he was not required to do so because

---

[22] See, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3010775/ (accessed February 9, 2021).
[3] (Doc. 1 at 3.)
[4] *Id.* at 2-3.
[5] (Doc. 1 at 4, ¶ 13(A)).
[6] *Id.* at 5, ¶ 13(B).
[7] *Id.*

2

he is challenging the actions of the Montana Parole Board.[8]

Mr. Downey asks this Court to order his release straight to parole or, alternatively, to an intensive supervision program.[9]

## II.   Analysis

As a preliminary matter, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. U.S. 1, 7 (1979). In *Allen v. Board of Pardons*, 792 F.2d 1404 (9th Cir. 1986) affirmed 482 U.S. 369 (1987), the United States Supreme Court held that the Montana parole statute created a protected liberty interest. But the Montana Legislature amended that statute in 1989 and the Montana Supreme Court has therefore held that inmates who committed offenses after 1989 have no liberty interest in parole and inmates who committed their crimes prior to 1989 are entitled to due process protections. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998). Mr. Downey committed his underlying offense in 2012 and therefore has no liberty interest in parole. Thus, his claims, as pled, do not present a basis for a federal claim.

Additionally, whether the Parole Board followed state law or its own

---

[8] See e.g., *Id.* at 4, ¶ 11.
[9] *Id.* at 7, ¶ 16.

3

procedures is an issue of state law and Mr. Downey may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citations omitted). To the extent that Mr. Downey attempts to challenge the operational procedures of the Montana Parole Board, the claim is not cognizable in federal habeas.

Setting these issues aside and assuming that Mr. Downey could present a cognizable federal claim, before he can proceed in this Court, Mr. Downey must exhaust his claims in the state court system. The pending petition will be dismissed without prejudice in order to allow Mr. Downey to exhaust his claims and then return to this Court, if necessary, at a later date.

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). The exhaustion requirement is grounded in the principles of comity and gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d

4

1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* *See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (discussing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding.

Mr. Downey's own petition makes it clear that his claims have not yet been presented to and adjudicated by the state courts. Accordingly, there may still be remedies available to Mr. Downey under state law. Because Mr. Downey has not yet exhausted his available state court remedies, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal is without prejudice, *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000), and Mr. Downey may return to this Court if and when he fully exhausts the claims relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Downey has not yet made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings at this time. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability is denied.

Based on the foregoing, IT IS HEREBY ORDERED:

1. The Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is DENIED.

DATED this 11th day of February, 2021.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE